UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW LAWRENCE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV758 HEA |
| | ) | |
| STATE GOVERNMENTS OF ALL | ) | |
| FIFTY STATES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Matthew Gibson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and several other federal statutes against all fifty states in the Union and the District of Columbia.  Plaintiff broadly alleges that the states have negligently mishandled tax dollars, resulting in financial and social hardships for people living in low-income communities.

## Discussion

The allegations in the complaint are duplicative of the allegations plaintiff brought in the case *Gibson v. Missouri*, 4:12CV558 HEA (E.D. Mo.), which the Court dismissed pursuant to 28 U.S.C. § 1915(e).  As a result, the complaint will be dismissed as duplicative.  *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Because this action is legally frivolous as well as duplicative, the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

An Order of Dismissal will be filed with this Opinion, Memorandum and Order.

Dated this 2nd day of May, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE